**Eva BANKSTON, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. 84 C 4874.

United States District Court, N.D. Illinois, E.D.

Nov. 5, 1985.

Brian G. Hubka, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Gail Ginsberg, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before this Court is plaintiff's motion for summary judgment. Bankston brings this action pursuant to Section 1602 of the Social Security Act, 42 U.S.C. § 1381a. Bankston seeks summary reversal of defendant Secretary of Health and Human Services' ("Secretary") denial of Bankston's Social Security disability benefits. Alternatively, Bankston requests that this case be remanded to the Secretary for further proceedings. Jurisdiction is based on 42 U.S.C. § 405(g).

The sole issue presented is whether the Secretary's final decision is based upon substantial evidence. For the reasons stated herein, this Court finds that the Secretary's decision is based upon substantial evidence. Accordingly, this Court denies Bankston's motion for summary judgment.

## FACTS

Bankston applied for Social Security disability benefits in 1981 alleging inability to work due to problems relating to his heart and stomach. His application was denied and an administrative hearing was held. Testimony at the hearing revealed that Bankston was 47 years old and 176 pounds. Bankston had been employed as a school aide for the Chicago Board of Education. Her most recent employment was owning and operating a tavern in 1982. The hearing also revealed the results of extensive medical testimony. That medical evidence established that Bankston had a chronic abdominal problem and cardiac arrhythmia, but that Bankston did not have an impairment or combination of impairments that qualified as a disability as defined by the Social Security Act. Consequently, the Administrative Law Judge ("ALJ") found that Bankston's impairments did not prevent Bankston from performing the duties required in her last job. Accordingly, the ALJ denied Bankston's claim for benefits.

Bankston sought review of the ALJ's decision by the Appeals Council of the Department of Health and Human Services. The Appeals Council affirmed the ALJ's decision. Bankston now seeks judicial review by this Court.

## DISCUSSION

Bankston argues that the Secretary's decision is in error because it was not based on substantial evidence. First, Bankston asserts that the ALJ overlooked certain medical testimony. Second, Bankston

maintains that the ALJ's findings regarding Bankston's abdominal problems support a finding of disability. Third, Bankston contends that the ALJ's summary of testimony given during the hearing did not provide a complete record.

Judicial review of the Secretary's decision is limited to a determination of whether the Secretary's findings are supported by substantial evidence based on the record as a whole. *Debolt v. Califano*, 445 F.Supp. 893, 896 (S.D.Ill.1978). It is not this Court's function to appraise the evidence de novo. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Substantial evidence exists in the record to support the Secretary's finding that Bankston's physical impairments do not rise to the level of a "disability." Although Bankston was certainly not in the best of health, there is no evidence in the record to indicate that her condition was sufficiently incapacitating to meet the "disability" requirement of the Social Security Act. After holding a hearing and carefully considering the entire record, the ALJ concluded that Bankston's allegations of disabling pain resulting in physical limitations were not supported by the objective medical evidence. In addition, the ALJ believed that Bankston's allegations of disabling pain were not credible. This Court finds that the ALJ acted reasonably in concluding that Bankston was not disabled as defined by the Social Security Act.

Next, Bankston asserts that the administrative record is incomplete because the tape recording machine malfunctioned during Bankston's testimony. This argument is unpersuasive. The entire administrative record consists of 433 pages. However, only four pages were affected by the malfunction. Moreover, the ALJ granted Bankston's attorney the opportunity to read into the record anything the attorney believes was pertinent testimony given while the machine malfunctioned. Conse-quently, this Court believes that any bias that may have resulted because of the malfunction would be in favor of Bankston. In addition, the ALJ did not need to rely upon the attorney's summation to make his decision since the ALJ conducted the hearing and heard Bankston's live testimony. Accordingly, this Court finds that the record was sufficiently complete to affirm the ALJ's finding of no disability.

## CONCLUSION

This Court denies Bankston's motion to summarily reverse the Secretary's decision to deny Bankston Social Security disability benefits. In addition, Bankston's alternative motion to remand this case for further proceedings is also denied.

IT IS SO ORDERED.